UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APOLLO PETROLEUM SOLUTIONS,
LLC, et al.,

        Plaintiffs,

                                              Case No. 16-cv-12157

v.

                                              HON. MARK A. GOLDSMITH

NANO GAS TECHNOLOGIES, INC.,

        Defendant.
_____/

**OPINION AND ORDER
DENYING DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO
TRANSFER (Dkt. 17)**

This matter is before the Court on Defendant Nano Gas Technologies, Inc.'s motion to dismiss or, in the alternative, to transfer (Dkt. 17). The issues have been fully briefed. Because oral argument will not aid the decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2). As discussed below, the Court denies the motion.

**I. BACKGROUND**

This case arises out of a cease-and-desist letter sent on behalf of Nano Gas to Plaintiffs Apollo Petroleum Solutions, LLC, Dimitri Menutis, Gerald Pourciau, and Chris Jean. Compl. ¶ 10 (Dkt. 1); 5/21/2016 Letter, Ex. A to Compl., at 11-12 (cm/ecf pages) (Dkt. 1). In that letter, Nano Gas claims that these four Plaintiffs are acting in concert with Plaintiff Cliffton Roe to "commercially exploit the property and trade secrets of Nano Gas[.]" Compl. ¶ 16; 5/21/2016 Letter at 11 (cm/ecf page).[1] The letter further demanded that Plaintiffs "cease and desist from

---

[1] The ownership of the purported property and trade secrets is in dispute and currently the subject of an arbitration action in Illinois between Nano Gas and Roe. Compl. ¶¶ 13-14.

any and all conduct, whether entered upon alone or in conjunction with [Roe], engaged in the purpose of commercial exploitation of the Nano Technology . . . including, but not limited to, its use, sale, or disclosure to other persons." Compl. ¶ 17; 5/21/2016 Letter at 11 (cm/ecf page). According to the letter, the "Nano Technology" refers to technology "that dissolves or disperses gases into liquids by unique and secret means for manipulation of hydraulic flow within a fluid channel," which allows gases to "stay dissolved or dispersed at standard temperature and pressure in greater amounts than the maximum predicted by Henry's Law." 5/21/2016 Letter at 11 (cm/ecf page).

Plaintiffs contend that this cease-and-desist letter amounted to a violation of federal antitrust laws, because such conduct constituted "an attempt to monopolize trade among the states and foreign commerce." Compl. ¶ 22. Plaintiffs also claim that Nano Gas tortiously interfered with their business relationships "by attempting to remove Roe from working with Apollo and by attempting to intimidate Apollo's key investors." Id. ¶ 27.

## II. ANALYSIS

Nano Gas argues that this case should be dismissed for improper venue under 28 U.S.C. § 1406(a), or, in the alternative, that the case should be transferred to the Northern District of Texas under 28 U.S.C. § 1404(a). The Court considers each argument in turn.

### A. Dismissal For Improper Venue Under 28 U.S.C. § 1406(a)

Federal Rule of Civil Procedure 12(b)(3) serves as the procedural vehicle to challenge improper venue, but it does "not contain any venue provisions or requirements." Kerobo v. Sw. Clean Fuels, Corp., 285 F.3d 531, 538 (6th Cir. 2002). Instead, under the general venue statute, 28 U.S.C. § 1391(b), an action may be brought in any of the following judicial districts:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

>(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
>(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The burden is on Plaintiffs to prove that venue is proper. Audi AG & Volkswagen of Am., Inc. v. Izumi, 204 F. Supp. 2d 1014, 1017 (E.D. Mich. 2002); 3B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1352 at 322 (3d ed. 2004) (concluding that placing the burden on the plaintiff "seems correct inasmuch as it is the plaintiff's obligation to institute his action in a permissible forum, both in terms of jurisdiction and venue").[2] In determining whether venue is proper, the Court "may examine facts outside the complaint but must draw all reasonable inferences and resolve factual conflict in favor of the plaintiff." Audi AG, 204 F. Supp. 2d at 1017. If venue is improper, the Court has the discretion to dismiss the action or transfer it to an appropriate district. Id.; 28 U.S.C. § 1406(a) (if venue is improper, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought").

Plaintiffs argue that venue is proper under 28 U.S.C. § 1391(b)(2). See generally Pls. Resp. at 8-11 (Dkt. 20). Under § 1391(b)(2), a plaintiff may file his or her complaint "in any forum where a substantial part of the events or omissions giving rise to the claim arose; this includes any forum with a substantial connection to the plaintiff's claim." First of Mich. Corp. v.

---

[2] But see Kelly Servs. v. Eidnes, 530 F. Supp. 2d 940, 948 (E.D. Mich. 2008) (the movant "bears the burden of establishing that venue is improper"); AlixPartners, LLP v. Brewington, 133 F. Supp. 3d 947, 961 (E.D. Mich. 2015) (once the plaintiff has established venue, the burden shifts to the defendant to establish that venue is improper). Regardless of which party has the burden, venue is proper in this District, as discussed infra.

Bramlet, 141 F.3d 260, 263 (6th Cir. 1998). A majority of the acts or omissions that give rise to a plaintiff's claims need not occur in the plaintiff's chosen venue in order to satisfy the "substantial part" standard. Innovation Ventures, LLC v. Custom Nutrition Labs., LLC, 946 F. Supp. 2d 714, 724 (E.D. Mich. 2013). Rather, "[i]t is sufficient that a substantial part of the events occurred in the challenged venue, even if a greater part of the events occurred elsewhere." Id.; see also Kelly Servs. v. Eidnes, 530 F. Supp. 2d 940, 948 (E.D. Mich. 2008) ("In defining 'substantial part,' only a substantial connection to the events in Plaintiff's claim is needed for there to be venue. A substantial connection is sufficient for venue even if a greater part of the events occurred in another venue.").

Plaintiffs' claims all surround the effects of Nano Gas's cease-and-desist letter on Plaintiffs' business interests, whether they are the participation in a non-monopolized gaseous infusion industry or among themselves and their investors. The letter giving rise to these claims was written by one of Nano Gas's attorneys, who maintains his office in Troy, Michigan, as reflected by his letterhead. See 5/21/2016 Letter at 11 (cm/ecf page). It is also reasonable to infer that the letter was sent by that attorney from his office in Troy, Michigan. Thus, a "substantial part" of the events giving rise to Plaintiffs' claims — namely, the drafting and sending of the cease-and-desist letter — took place in this District.

Accordingly, venue in this District is proper and Nano Gas's motion to dismiss for improper venue is denied.[3]

**B. Transfer Under 28 U.S.C. § 1404(a)**

---

[3] Plaintiffs also argue that venue is proper under § 12 of the Clayton Act, 15 U.S.C. § 22. See generally Pls. Resp. at 11-12. Because venue is proper under 28 U.S.C. § 1391(b)(2), the Court refrains from addressing this additional argument.

Nano Gas argues, in the alternative, that this matter should be transferred to the United States District Court for the Northern District of Texas. See generally Def. Br. at 6-8. Under 28 U.S.C. § 1404(a), this Court has the broad discretion to transfer a civil action "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." See also Reese v. CNH Am. LLC, 574 F.3d 315, 320 (6th Cir. 2009). Nano Gas bears the burden of establishing a need for a change of forum. Gen. Motors Co. v. Dinatale, 705 F. Supp. 2d 740, 752 (E.D. Mich. 2010).

Given the need for an "individualized, case-by-case consideration of convenience and fairness," Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988), courts often consider the following factors when ruling on a motion to transfer under § 1404(a):

> (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining unwilling witnesses; (6) the practical problems associated with trying the case most expeditiously and inexpensively; and (7) the interest of justice.

Audi AG, 204 F. Supp. 2d at 1023; see also Moore v. Rohm & Haas Co., 446 F.3d 643, 647 n.1 (6th Cir. 2006) ("In ruling on a motion to transfer under § 1404(a), a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" (quoting Moses v. Bus. Card Exp., Inc., 929 F.3d 1131, 1137 (6th Cir. 1991))). However, these factors should be addressed only if the moving party establishes that "the action could have been brought in the transferee district court." Fluidtech, Inc. v. Gemu Valves, Inc., 457 F. Supp. 2d 762, 766 (E.D. Mich. 2006); 28 U.S.C. § 1404(a). Nano Gas has not made any such assertion in its motion nor provided the Court with the information necessary to make that determination.

5

Nano Gas does not state that this case could have been properly brought in the Northern District of Texas under 28 U.S.C. § 1391(b).  Further, there is no contention that it resides in Texas.  See Compl. ¶ 6 (Nano Gas is a Delaware corporation with it principal place of business in Illinois); 5/21/2016 Letter at 11 (cm/ecf page) (same).  Nor does Nano Gas expressly state that a substantial part of the events giving rise to Plaintiffs' claims occurred in Texas, or that it is subject to personal jurisdiction in the Northern District of Texas with respect to this action.  Rather, Nano Gas seems to presume that this action could have been brought in the Northern District of Texas and merely argues that the convenience and cost of attendance of witnesses, as well as the location of "documents related to this matter" warrant transfer to Texas.  See Def. Br. at 7-8.

At most, Nano Gas claims, without citation to any supporting evidence, that, "[b]ecause Apollo was conducting businesses [sic] in Texas, demonstrating its products to potential customers in Texas, the Texas court would have a greater familiarity adjudicating Nano Gas's alleged interference with Apollo's business operations in Texas."  Def. Br. at 7.  Whatever Nano Gas may mean by a Texas court's "greater familiarity," such a statement does not amount to a contention that venue and personal jurisdiction would have been proper in Texas.  Nor do the unsubstantiated statements that Apollo has or had business operations in Texas demonstrate that a substantial part of Plaintiffs' antitrust and tortious interference claims, which are both based on Nano Gas's cease-and-desist letter, arose in Texas.  See Def. Br. at 1 ("All of Apollo's claims against Nano Gas are predicated upon Nano Gas's delivery of the Cease and Desist letter."); see also id. at 3 ("Apollo predicates its entire lawsuit on the allegations made by Nano Gas in the Cease and Desist Letter.").

Because Nano Gas has failed to assert or establish that this case could have properly been brought in the United States District Court for the Northern District of Texas, the Court denies Nano Gas's motion to transfer.

### III.  CONCLUSION

For the reasons stated above, the Court denies Nano Gas's motion to dismiss or, in the alternative, to transfer (Dkt. 17).

SO ORDERED.

Dated:  September 19, 2016                s/Mark A. Goldsmith
      Detroit, Michigan                  MARK A. GOLDSMITH
                                      United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 19, 2016.

                                                      s/Karri Sandusky
                                                      Case Manager